ANNEE DELLA DONNA, ESQ. (SBN: 138420)
delladonnalaw@cox.net
LAW OFFICES OF ANNEE DELLA DONNA
301 Forest Avenue
Laguna Beach, CA  92651
Telephone: (949) 376-5730

ERIC J. DUBIN, ESQ. (SBN:  160563)
edubin@dubinlaw.com
DUBIN LAW FIRM
19200 Von Karman Avenue, Sixth Fl.
Irvine, CA  92612
Telephone: (949) 477-8040

RONALD E. NORMAN, ESQ. (SBN: 104752)
rnorman@fknlaw.com
FARNELL & NORMAN
2020 Main Street, Suite 770
Irvine, CA  92614
(949) 553-1300

Attorneys for Plaintiffs, Ellie Wagner &
Lincoln Wagner, Minors, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIE WAGNER and LINCOLN WAGNER, Minors, by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN<br><br>                              Plaintiffs,<br><br>vs. | **CASE NO.:** 8:21-CV-00398<br><br>**COMPLAINT FOR DAMAGES**<br><br>**First Cause of Action:**<br>**Fourth Amendment Violation**<br>**Second Cause of Action:**<br>**Fourteenth Amendment Interference with Familial Relations**<br>**Third Cause of Action:**<br>**Ratification of Civil Rights Violations**<br>**Fourth Cause of Action:**<br>**Failure to Train** |

1   STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL, a public entity; DOE CHP OFFICERS 1-10, AND DOES 11-20, inclusive,

                        Defendants.

**Fifth Cause of Action:**
**Liability – Unconstitutional Custom or Policy**
**Sixth Cause of Action:**
**Violation of Civil Code §52.1**
**Seventh Cause of Action:**
**Negligence**
**Eighth Cause of Action:**
**Wrongful Death**
**Ninth Cause of Action:**
**Assault and Battery**
**Tenth Cause of Action:**
**Civil Conspiracy under Federal Law (42 U.S.C. §§1983, 1988)**

*(Filed Concurrently with:  Notice of Related Case and Application for Appointment of Guardian Litem and **Proposed** Order thereon.)*

**[Demand for Jury Trial]**

Plaintiffs, ELLIE WAGNER, a minor; and LINCOLN WAGNER, a minor; by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER,  (collectively referred to as "Plaintiffs") file the instant Complaint against Defendants, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL (hereinafter "CHP"), DOE CHP OFFICERS 1-10, and DOES 11-20, inclusive, and herein allege as follows:

## I.

## JURISDICTION AND VENUE

1.      This civil action is brought to redress violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983.

2.      Jurisdiction is founded on 28 U.S.C. §§1331 and 1343 and 42 U.S.C. § 1983. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendants reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, State of California, which is located

in this Central District of California. The Court has supplemental jurisdiction over the California state law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367(a).

## II.

## PARTIES

3. EDWARD BRONSTEIN (hereinafter "DECEDENT") is the Decedent. Mr. Bronstein died on March 31, 2020. At all relevant times, Plaintiffs ELLIE WAGNER and LINCOLN WAGNER, minors, individually and as Successors-In-Interest to DECEDENT, by and through their Guardian ad Litem AUNDREA CHERYL ROSA WAGNER were and are residents of Orange County.

4. Plaintiffs ELLIE WAGNER and LINCOLN WAGNER (Plaintiffs "WAGNER") are DECEDENT'S daughter and son, and bring survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successors-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiffs WAGNER seek damages for survival claims, wrongful death, and loss of familial relations.

5. Plaintiff, ELLIE WAGNER is a minor individual and is the natural born daughter to DECEDENT. Plaintiff, LINCOLN WAGNER is a minor individual and is the natural born son to DECEDENT. Plaintiffs WAGNER sue by and through her Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, pursuant to Federal Rules of Civil Procedure, Rule 17(c)(2). Plaintiffs ELLIE WAGNER and LINCOLN WAGNER sue both in their individual capacities as the daughter and son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. Plaintiffs seek damages for survival claims, wrongful death, and loss of familial relations.

6. At all times mentioned herein, Defendant the STATE OF CALIFORNIA (hereinafter referred to as "STATE") is a public entity established

and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CALIFORNIA HIGHWAY PATROL and together with the CHP employs, and/or is responsible for other defendants in this action.

7. At all times herein mentioned, Defendant CALIFORNIA HIGHWAY PATROL (hereinafter referred to as "CHP") was and now is a governmental law enforcement agency organized and existing under the laws of the State of California.

8. DOE CHP OFFICERS 1 through 10, are duly sworn Peace Officers, and were specifically authorized by Defendant CHP to perform the duties and responsibilities of sworn law enforcement Officers of the CHP, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as officers of the CHP. DOE CHP OFFICERS 1 through 10 are also sued herein in their individual capacity and in their official capacity as Peace Officers of the CHP.

9. DOES 11 through 20, inclusive, were at all times herein mentioned the agents, servants and/or employees of DEFENDANTS the STATE and/or the CHP and each of them, and in doing the things hereinafter alleged, were acting in the course and scope of their authority as such agents, servants, and employees with the permission and consent of DEFENDANTS the STATE and/or the CHP.

10. The true names, identities or capacities, whether individual, associate, of Defendants DOE CHP OFFICERS 1-10 and DOES 11-20, inclusive, are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names. Plaintiffs alleges that each of the defendants sued herein as a DOE CHP OFFICERS 1-10 and DOES 11-20 are legally responsible for the events and happenings that caused the DECEDENT'S death. Plaintiffs will amend the complaint to name the DOE CHP OFFICERS 1-10 and DOES 11-20 when their true names and identities discovered.

COMPLAINT FOR DAMAGES

11.    All of the acts alleged herein by Plaintiffs against the DOE CHP OFFICERS 1-10 and DOES 11-20, were done while acting within the course, purpose, and scope of employment.

### III.

### FACTS COMMON TO ALL CAUSES OF ACTION

12.    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth herein in this cause of action.

13.    Plaintiffs allege that in the early morning hours of March 31, 2020, Defendants DOE CHP OFFICERS 1-10, conducted a traffic stop of DECEDENT EDWARD BRONSTEIN on the I-5 in the County of Los Angeles.  Sometime after the traffic stop, Defendants DOE CHP OFFICERS 1-10 took DECEDENT EDWARD BRONSTEIN into custody.  DECEDENT was then transported to the CHP Altadena Station.

14.    Plaintiffs further allege that later that morning, Defendants DOE CHP OFFICERS 1-10 took Decedent EDWARD BRONSTEIN to the garage area of the CHP Altadena Station. Plaintiffs allege that Defendants DOE CHP OFFICERS 1-10 placed DECEDENT in a prone position and applied pressure on his back by placing their knees on him to forcefully obtain a blood sample from DECEDENT. Plaintiffs allege that while 3 Defendants DOE CHP OFFICERS 1-10 used excessive force on DECEDENT to obtain a blood sample, he became non-responsive and lost consciousness.

15.    Plaintiffs allege that later that morning, EDWARD BRONSTEIN was pronounced dead following the incident involving Defendants DOE CHP OFFICERS 1-10.

16.    Plaintiffs allege that the use of force against DECEDENT EDWARD BRONSTEIN by Defendants DOE CHP OFFICERS 1-10 was excessive and objectively unreasonable under the circumstances, because DECEDENT was

unarmed, restrained, and surrounded by uniformed peace officers, and DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of his arrest and while he remained in the custody of the CHP.

17.    Plaintiffs allege that Defendant CHP Officers DOES 1-10 did not timely summon medical care or permit medical personnel to treat Decedent EDWARD BRONSTEIN. intentional, reckless, negligent, and unjustified use of excessive force by Defendant CHP Officers DOES 1-10 was also a result of the negligent employment, negligent retention, and negligent supervision, of Defendant CHP Officers DOES 1-10 by the California Highway Patrol.

18.    On or about September 3, 2020, Plaintiffs' Claims for Damages were presented to the STATE of CALIFORNIA, DEPARTMENT OF GENERAL SERVICES, on behalf of Plaintiffs in substantial compliance with Government Code § 910, et seq.  At the time of the filing of this Complaint, the claims had been denied.

## FIRST CAUSE OF ACTION

### FOURTH AMENDMENT VIOLATION OF FEDERAL CIVIL RIGHTS EXCESSIVE USE OF FORCE [42 U.S.C. § 1983]

**(By Plaintiffs individually and as Successor-In-Interest of Decedent Against Defendant DOE CHP OFFICERS 1-10)**

19.    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

20.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs and DECEDENT by the Fourth and Fourteenth Amendments of the United States Constitution.

/ / /

21.   Defendant DOE CHP OFFICERS 1-10, each of them, owed a legal duty under the U.S. Constitution not to use excessive force against DECEDENT.

22.   Plaintiffs alleges that Defendant CHP and Defendant DOE CHP OFFICERS 1-10, and each of them, breached these aforementioned legal duties intentionally, in all their interactions with DECEDENT, on or about March 31, 2020, including, but not limited to, the use of excessive and unreasonable force upon DECEDENT while he was unarmed and restrained.

23.   Plaintiffs herein allege that Defendant DOE CHP OFFICERS 1-10, and each of them, breached these aforementioned duties, which constituted violations of the civil rights of the DECEDENT in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

24.   Plaintiffs herein allege that Defendant DOE CHP OFFICERS 1-10's intentional use of excessive and unreasonable force upon DECEDENT, who was unarmed and restrained, was the legal cause of DECEDENT's death.

25.   Defendant DOE CHP OFFICERS 1-10, and each of them, violated DECEDENT'S civil rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law. The violation was under color of State and Federal law. Defendant DOE CHP OFFICERS 1-10, and each of them, acted in violation of the Fourth and Fourteenth Amendment of the United States Constitution when DECEDENT was subjected to excessive force and eventually died following his encounter with Defendant DOE CHP OFFICERS 1-10.

26.   Defendant DOE CHP OFFICERS 1-10 are liable for the excessive and unreasonable force used against the DECEDENT because each DOE CHP OFFICER directly participated, integrally participated, and/or failed to intervene in the violation of the DECEDENTS' constitutional rights.

27.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

28.     As a result of the excessive use force by the Defendant DOE CHP OFFICERS 1-10, Decedent died.  Plaintiffs ELLIE WAGNER and LINCOLN WAGNER, minors, by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, Individually and as Successors-In-interest to Decedent, EDWARD BRONSTEIN, were thereby deprived of their constitutional rights of familial relationship with Decedent.

29.     Defendant DOE CHP OFFICERS 1-10 each of their actions, directly and proximately caused injuries and damages to Plaintiffs, as set forth herein.

30.     Defendants Does 1-10, are individually liable for the violation of DECEDENT, BRONSTEIN and Plaintiffs' Civil Rights apart and aside from the customs, policies and practices of the CHP.

31.     As a direct and proximate result of the conduct of Defendants STATE and CHP, and DOE CHP OFFICERS 1-10, and each of them, De has suffered the following injuries and damages for which Plaintiffs, as successor-in-interest, may recover:

    **(a)**     Violation of DECEDENT'S Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law;

     **(b)**     Loss of life, loss of enjoyment of life, and pre-death pain and suffering, as 6 well as the life-long deprivation of DECEDENT'S comfort, support, society, care, and sustenance.

    **(c)**     Conscious physical pain, suffering and emotional trauma during the incident on March 31, 2020 suffered by DECEDENT.

32.     As a direct and proximate result of the conduct of Defendant DOE CHP OFFICERS 1-10, each of them, Plaintiffs suffered damages as a proximate result of the death of EDWARD BRONSTEIN.

33.     Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. § 1983, as a result of Defendant DOE CHP OFFICERS 1-10, for the violation of DECEDENT's and Plaintiffs' Civil Rights.

## SECOND CAUSE OF ACTION

### FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL RELATIONS [42 U.S.C. §1983]

### (By Plaintiffs against All Defendants, including the STATE, CHP, and DOE CHP OFFICERS 1-10)

34.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

35.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationships of the DECEDENT.

36.     Defendant DOE CHP OFFICERS 1-10, acting under color of state law, violated Plaintiffs' Fourteenth Amendment right to be free from unwarranted interference with their familial relationship with DECEDENT when they used excessive and unreasonable force, causing the DECEDENT's death.

37.     Defendant DOE CHP OFFICERS 1-10 are liable for the violation of DECEDENT'S and Plaintiffs' Fourteenth Amendment rights because each DOE CHP OFFICER Defendant directly participated, integrally participated, and/or failed to intervene in the use of excessive or unreasonable force against the DECEDENT.

38.     As a direct and proximate cause of Defendant DOE CHP OFFICERS 1-10's conduct, Plaintiffs suffered damages. Plaintiffs therefore seek compensatory damages under this claim in their individual capacity for their loss of familial relations with the DECEDENT.

39.     Plaintiffs also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

### THIRD CAUSE OF ACTION

**RATIFICATION OF CIVIL RIGHTS**
**VIOLATIONS [42 U.S.C. § 1983]**

**(By Plaintiffs individually and as Successor-In-Interest of Decedent Against Defendants STATE, CHP and DOE CHP OFFICERS 1-10)**

40.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

41.     Defendant DOE CHP OFFICERS 1-10 acted under color of law.

42.     The acts of Defendant DOE CHP OFFICERS 1-10 deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

43.     Plaintiffs allege that the CHP *ratified* the Defendant DOE CHP OFFICERS 1-10's acts and the basis for them. The CHP knew of, and specifically approved, of Defendant DOE CHP OFFICERS 1-10's acts and omissions regarding their use of force on DECEDENT.

44.     Accordingly, Defendants CHP and DOE CHP OFFICERS 1-10, are each liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

45.     Plaintiffs brings this claim as Decedent's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks

survival damages for the violation of Decedent's rights. Plaintiffs also seeks attorney's fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO TRAIN (42 U.S.C. § 1983)

**(By Plaintiffs individually and as Successor-In-Interest of Decedent Against Defendants STATE, CHP and DOE CHP OFFICERS 1-10)**

46.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

47.     Plaintiffs allege that the CHP did not properly train its Officers, including DOE 17 CHP OFFICERS 1-10 regarding the dangers of positional, compression, or mechanical asphyxia associated with the prone restraint. Plaintiffs further allege that the CHP did not properly train its Officers, including Defendant DOE CHP OFFICERS 1-10, about the dangers of applying pressure to an arrestee who is in a *prone* position; or about the dangers of applying pressure to an arrestee's upper torso, back and chest.

48.     Plaintiffs allege that the CHP did not properly train its Officers, including Defendant DOE CHP OFFICERS 1-10, that applying pressure to an arrestee who is in a *prone* position; or that using the body weight of an Officer or Officers to apply pressure to an arrestee's upper torso, back and chest can result in death.

49.     Plaintiffs allege that DECEDENT'S death was as a result of the lack of implementation of proper procedures and training regarding the *prone* position and associated effects. Had Defendant DOE CHP OFFICERS 1-10, been properly trained by the CHP, and had such training been properly implemented, this incident would have been avoided.

50.    The failure of Defendant CHP to provide adequate training caused the deprivation DECEDENT'S and Plaintiffs' rights by Defendant DOE CHP OFFICERS 1-10.  Defendant CHP's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

51.    Accordingly, Defendants CHP and DOE CHP OFFICERS, each are liable to Plaintiffs for damages and attorneys' fees pursuant to 28 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY

### (42 U.S.C. § 1983)

### (By Plaintiffs individually and as Successor-In-Interest of Decedent Against Defendant CHP and DOE CHP OFFICERS 1-10)

52.    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

53.    Defendant DOE CHP OFFICERS 1-10 acted under color of law.

54.    Defendant DOE CHP OFFICERS 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CHP.

55.    Plaintiffs allege on information and belief, that Defendant DOE CHP OFFICERS 1-10's excessive use of force on DECEDENT, who was unarmed and not a threat to officers, was ratified by the CHP and its supervisorial officers.

56.    On information and belief, Plaintiffs allege that Defendant DOE CHP OFFICERS 1-10, were not disciplined for the use of force on DECEDENT who was unarmed and restrained when officers used excessive force on him.  Further, Defendant DOE CHP OFFICERS 1-10 who were involved were not disciplined,

reprimanded, suspended, or otherwise penalized in connection with DECEDENT's death.

57.     Plaintiffs allege that Defendant CHP and Defendant DOE CHP OFFICERS 1-10, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Inadequately supervising, training, controlling, assigning, and disciplining CHP officers, and other personnel, who Defendant CHP knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(b)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant DOE CHP OFFICERS 1-10;

(c)     By failing to discipline Defendant DOE CHP OFFICERS 1-10's 17 conduct, including but not limited to, unlawful detention and excessive force;

(d)     By ratifying the intentional misconduct of Defendant DOE CHP OFFICERS 1-10;

(e)     By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or

reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendant DOE CHP OFFICERS 1-10, were done with a deliberate indifference to individuals' safety and rights; and

**(f)** By failing to properly investigate claims of unlawful detention and excessive force by Defendant DOE CHP OFFICERS 1-10.

58. By reason of the aforementioned policies and practices of the CHP, DECEDENT was subjected to pain and suffering and loss of his life.

59. Defendant CHP and Defendant DOE CHP OFFICERS 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

60. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

61. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CHP and Defendant DOE CHP OFFICERS 1-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT.

62. Accordingly, Defendants CHP and DOE CHP OFFICERS, each are liable to Plaintiffs for damages and attorneys' fees pursuant to 28 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CIVIL CODE § 52.1

### (Against All Defendants)

63.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

64.     By the actions and omissions described above, each Defendants CHP Defendant DOE CHP OFFICERS 1-10, acting in concert/conspiracy, as described above and below, violated DECEDENT and Plaintiffs' rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

(a)     The right to be free from unreasonable search and seizures as secured by the Fourth and Fourteenth Amendments;

(b)     The right to be free from excessive and unreasonable force in the course of 4 arrest or detention as secured by the Fourth and Fourteenth Amendments;

(c)     The right to equal protection of the laws as secured by the Fourth and Fourteenth Amendments;

(d)     The right to enjoy and defend life and liberty, acquire, possess and protect 8 property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, § 1;

(e)     The right to life, liberty, and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, § 7;

(f)     The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

**(g)**     The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, §13;

**(h)**     The right to equal protection of the law, as secured by the California Constitution, Article 1, §7; and

**(i)**     The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

65.     As a direct result of Defendant CHP and Defendant DOE CHP OFFICERS 1-10's violations of Civil Code § 52.1 and DECEDENT and Plaintiffs' rights under the United States and California Constitutions and statutes, Plaintiffs sustained damages and are entitled to relief as set forth above, including all damages allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

66.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

67.      At all times, each Defendants STATE, CHP and DOE CHP OFFICERS 1-10, owed DECEDENT the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

68.     All State claims asserted herein against Defendants STATE and CHP are presented pursuant to the STATE and CHP's vicarious liability for acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a), 820(a) and Civil Code § 43.

69.     At all times, each Defendants STATE, CHP and DOE CHP OFFICERS 1-10 owed DECEDENT the duty to act with reasonable care.

70.     These general duties of reasonable care and due care owed to DECEDENT by Defendants STATE, CHP and DOE CHP OFFICERS 1-10, include but are not limited to the following specific obligations:

(a)     to refrain from using excessive and/or unreasonable force against DECEDENT;

(b)     to refrain from wrongfully arresting and/or detaining DECEDENT;

(c)     to refrain from abusing their authority granted them by law;

(d)     to refrain from **violating** DECEDENT and Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

71.     Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants STATE, CHP, and DOE CHP OFFICERS 1-10, include but are not limited to the following specific obligations:

(a)     to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or CHP officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

(b)     to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's; and

(c)     to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above. Defendants STATE, CHP, and DOE CHP OFFICERS 1-10, through their acts and omissions, breached each and every one of the aforementioned duties owed to 11 DECEDENT and Plaintiff.

72.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained damages, and are entitled to relief as set forth at above.

## EIGHTH CAUSE OF ACTION

### WRONGFUL DEATH

**Pursuant to California Government Code §§ 815.2(a), 820(a); Civil Code § 43 and Code of Civil Procedure §§ 377.60, et seq.**

**(Against Defendants the STATE, CHP, DOE CHP OFFICERS 1-10, inclusive)**

73.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

74.     All State claims asserted herein against Defendants STATE and CHP are presented pursuant to the STATE and CHP's vicarious liability for acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a), 820(a) and Civil Code § 43.

75.     Plaintiffs further allege that Defendants DOE CHP OFFICERS 1-10, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to negligently inflicting DECEDENT as described herein, and negligently employing excessive force against DECEDENT when such force was unnecessary and unlawful.  All of these acts proximately caused DECEDENT'S death on or about March 31, 2020.

76.     As a direct and proximate result of the death of DECEDENT and the above described conduct of Defendants DOE CHP OFFICERS 1-10, and each of them,  DECEDENT'S heirs, the Plaintiffs herein, have sustained substantial economic damage and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral

support, training, guidance, services and support of DECEDENT in an amount according to proof at trial.

77.     As a further direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of DECEDENT, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## NINTH CAUSE OF ACTION
### ASSAULT AND BATTERY
### (Against All Defendants)

78.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

79.     The actions and omissions of Defendants STATE, CHP, and DOE CHP OFFICERS 1-10, as set forth above constitute assault and battery.

80.     As a direct and proximate result of Defendants STATE, CHP, and DOE CHP OFFICER's assault and battery of DECEDENT, DECEDENT sustained injuries and damages, and is entitled to relief as set forth above.

81.     Defendant DOE CHP OFFICERS 1-10 committed the acts alleged herein maliciously, and oppressively, with the wrongful intention of injuring DECEDENT, amounting to malice, and in conscious disregard of DECEDENT's rights. Plaintiffs are entitled to recover damages from Defendants DOE CHP OFFICERS 1-10 in an amount according to proof.

## TENTH CAUSE OF ACTION
### Civil Conspiracy under Federal Law, Pursuant to 42 U.S.C. §§ 1983, 1988
### (Against Defendants STATE, CHP, and CHP OFFICER
### DOES 1-10 inclusive.)

82.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

83.      Plaintiffs assert this Cause of Action for Conspiracy to violate civil rights, as $_{10}$ DECEDENT'S successors in interest, pursuant to 42 U.S.C. §§ 1983, 1988, and California Code of Civil Procedure § 377.20 et seq.

84.     Plaintiffs allege that Defendants DOE CHP OFFICERS 1-10 entered into a civil conspiracy and agreement, to violate the civil rights of Decedent EDWARD BRONSTEIN when they exercised excessive force against Decedent, thereby causing his death.

85.     As such, all of the Defendant DOE CHP OFFICERS 1-10's actions were consistent with an agreement to 17 apply excessive force, regardless of the circumstances, against DECEDENT EDWARD BRONSTEIN.

86.     Defendants STATE, CHP, and CHP OFFICER DOES 1-10, inclusive, are legally responsible for, and indeed proximately and legally caused, the damages alleged herein for the reasons alleged above and incorporated herein by reference.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants the STATE, CHP and DOE CHP OFFICERS 1-10, and DOES 11-20, inclusive, as follows:

1.     For compensatory damages, including both survival damages and wrongful death damages under federal law, in the amount to be proven at trial;

2.   For survival damages under federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of life, in a sum according to proof at trial;

3.   For wrongful death damages under state and federal law, in a sum

according to proof at trial;

4.   For past, present, and future non-economic damages;

5.   For attorneys' fees under §1988;

6.   For funeral and burial expenses, and loss of financial support;

7.   For other general damages in an amount according the proof at trial;

8.   For other special damages in an amount according to proof at trial;

9.   For punitive damages as to Defendant DOE CHP OFFICERS 1-10 and DOES 11-20 only

10.  For reasonable costs of this suit; and

11.  For such further other relief as the Court may deem just, proper, and just.

Dated:  March 3, 2021            LAW OFFICES OF ANNEE DELLA DONNA


                                By:   /s/ Annee Della Donna
                                     ANNEE DELLA DONNA,
                                     Attorney for Plaintiffs

Dated:  March 3, 2021            DUBIN LAW FIRM


                                By:   /s/ Eric J. Dubin
                                     ERIC J. DUBIN,
                                     Attorney for Plaintiffs

Dated:  March 3, 2021            FARNELL & NORMAN


                                By:   *Ronald E. Norman*
                                     RONALD E. NORMAN,
                                     Attorney for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the above-entitled action.

Dated:  March 3, 2021          LAW OFFICES OF ANNEE DELLA DONNA


                              By: /s/ Annee Della Donna
                                  ANNEE DELLA DONNA,
                                  Attorney for Plaintiffs

Dated:  March 3, 2021          DUBIN LAW FIRM


                              By: /s/ Eric J. Dubin_____
                                  ERIC J. DUBIN,
                                  Attorney for Plaintiffs

Dated:  March 3, 2021          FARNELL & NORMAN


                              By: _Ronald E. Norman_____
                                  RONALD E. NORMAN,
                                  Attorney for Plaintiffs